*ENOCH WOODBRIDGE, Chief Judge.*
*NOAH SMITH, Assistant Judge.*

—————

ANDREW CULVER, Appellee,

*against*

MOSES BARNET, Appellant.

*Where the plaintiff declares on a special contract, and has other counts for money had and received, and for work and labour done, in his declaration, if the special count on demurrer is ruled insufficient; on* non assumpsit *pleaded to the general counts, he may not give the special contract in evidence under the general counts.*

ACTION on the case. Plaintiff declared, that at *Weathersfield, Windsor* County, on the 4th of *January*, 1796, in consideration that he the said *Andrew Culver* then and there paid to the said *Moses Barnet* forty shillings lawful money, to his the said *Barnet's* full satisfaction, he the said *Barnet* sold to the said *Culver* all the timber then lying on the ground, with

six standing trees on the southern part of Lot No. 46. in the fourth division of lots in said *Weathersfield*, meaning and intending, as the plaintiff avers, that part of said lot, which lies south of part of the same lot then owned by the said *Culver*, of which southern part of said lot the said *Barnet* then and there, for the consideration aforesaid, promised the said *Culver* that he should have full and free liberty to take all of said timber at any time when he the said *Culver* should choose, and also that he the said *Culver* should have full and free liberty to clear passways necessary for the removing said timber, he the said *Culver* not destroying any other valuable timber; yet the said *Culver* hath not had full and free liberty to take said timber, but after he the said *Culver*, relying on the promise of the said *Barnet* in this particular, had been at great trouble and expense in building bridges and clearing passways to enable him the said *Culver* to remove the said timber from the land on which it then was to his the said *Culver's* saw-mill in said *Weathersfield*, and in cutting said timber and preparing the same to be removed, and thereby had rendered the said timber of great value, one *Josiah Fisher* and one *John Williams*, who were the legal owners of the said southern part of the said lot, forbad and prohibited the said *Culver* from taking the said timber, to wit, at *Weathersfield* aforesaid, on the 20th of *November*, 1797, of which the said *Barnet* there afterwards the same day had due notice, and thereby became liable to pay to the said *Culver* the value of the said timber so rendered valuable by the said proceedings of the said *Culver*, and being so liable, then and there promised, &c. *ad damnum*, &c.

There was

A second count for money had and received to the plaintiff's use;

A third for work and labour done.

At the last term, defendant demurred to the first count, and pleaded *non assumpsit* to the second and third; at which term plaintiff joined in demurrer, and to the general issue. The demurrer was then argued, and the Court decided that the *first count* in the plaintiff's declaration is *insufficient*. And now at this term the general issue was put to the Jury.

The counsel for the plaintiff now offered the following written contract in evidence in support of the second and third counts:

" Whereas *Andrew Culver*, of *Weathersfield*, has this day purchased of me the subscriber all the timber now lying on the ground, with six standing dry trees on the southern part of Lot No. 46. in the fourth division of lots in the town of *Weathersfield*, this is to give him full and free liberty to take off said timber at any time when he thinks fit, with liberty to clear passways necessary for removing said timber, he not destroying any other valuable timber.

" Given under my hand at *Weathersfield* this fourth day of *January*, 1796.

" *Moses Barnet*."

Counsel for defendant. We object to this paper, said by the counsel for the plaintiff to be a contract, being read in evidence in support of the counts now to be considered under the general issue.

If the contents of this paper display any thing of the similitude of a contract, it is *a special contract*. The two counts now in issue are *general*. A special contract can never be shewn in support of a general *indebitatus assumpsit*.

Counsel for the plaintiff. The paper offered in evidence is a mere link in the chain of evidence. It shews a contract of some nature. It was at least an inducement for *Culver* to go to work, and raised, in conjunction with parol evidence, proving that labour was done in pursuance of the contract ready to be produced, a promise by *Barnet* to pay an equitable consideration for such labour.

Defendant's counsel. This thing said at one time to be a contract, and at another a mere inducement to a contract, whatever it is, was expressly stated in the first count of the plaintiff's declaration, to which there was a demurrer, and the Court decided in favour of the demurrant. The first count is no longer *in esse ;* and now it is wished to introduce this defunct corpse of a special contract as evidence in support of general counts.

*Per Curiam.* The action now stands on the two last counts. The paper offered in evidence shews a special contract. It cannot be read in evidence in support of either of the general counts. To support general counts for work and labour done, &c. plaintiff must shew it was done at the special instance and request of the defendant, or for his benefit. This paper goes to shew a special contract to permit the

24

<div style="margin-left:auto">Culver<br>
v.<br>
Barnet.</div>

cutting and removing of certain trees and timber; and the gist of the action, as stated in the first count, is the obstruction in removing them. This surely cannot apply to either of the counts. The paper cannot be read to the Jury.

*Titus Hutchinson*, for plaintiff.
*Charles Marsh*, for defendant.